IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

A. DELORIS JAMES )
    Plaintiff, )
 )
v. ) Civil No. PJM 12-2830
 )
UNIVERSITY OF MARYLAND )
UNIVERSITY COLLEGE, et al. )
    Defendants. )
 )

## MEMORANDUM OPINION

In her Amended Complaint, A. Deloris James alleges that the University of Maryland, University College ("UMUC") and Dr. John Volpe (in both his official and individual capacities) racially discriminated and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), and 42 U.S.C. § 1981. Defendants moved to dismiss the § 1981 claims in Count II of the Amended Complaint against both UMUC and Volpe. The Court granted Defendants' Motion with respect to the § 1981 claim against UMUC and deferred ruling on the § 1981 claim against Volpe in his individual capacity. Defendants argue that because Volpe is a state actor for purposes of 42 U.S.C. § 1983, no cause of action against him lies under § 1981. At oral argument, neither party presented clear authority with respect to the validity of § 1981 claims against state actors in their individual capacities. In short order following the hearing, however, the Court has located relevant case law on the subject that neither party cited. For the reasons that follow, Defendants' Motion as to Volpe on Count II is **GRANTED**.

I.

James, an African-American woman, began working full time at the University of Maryland, University College ("UMUC") in 2002. Am. Compl. ¶ 6-7. Volpe, Assistant Dean of

1

the Business and Professional Unit, became her supervisor in 2008. *Id.* at ¶ 17. James alleges that Volpe discriminated and retaliated against her throughout 2009, culminating in her dismissal on October 20, 2009.

II

To survive a motion to dismiss, a complaint must contain facts that do not merely allege, but show, that the plaintiff is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plaintiff must allege "sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

III

In moving to dismiss James' claim under § 1981 against Volpe in his individual capacity, Defendants, relying on *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 109 S. Ct. 2702 (1989), argue that no implied cause of action against state actors exists under that statute.

In pertinent part, § 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . ." 42 U.S.C. § 1981. *Jett* explicitly proclaims that § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor," *Id.* at 735. The University of Maryland is considered to be a state agency, *Middlebrooks v. Univ. of Maryland at Coll. Park*, 980 F. Supp. 824, 827 (D. Md. 1997). As an employee of a state agency, Volpe also presumably acts on behalf of the state. *See Altevogt v. Kirwan*, CIV. WDQ-11-1061, 2012 WL 135283 (D. Md. Jan. 13, 2012) (citing *Will v. Mich.*

*Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).) Logically, therefore, Volpe would seem to be a state actor. However, Congress's amendment of § 1981 in the Civil Rights Act of 1991 ("CRA") raised the possibility that *Jett* might no longer be good law. Thus, the CRA added the following subsection (subsection (c)) to § 1981: "The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Did Congress, by this subsection, intend to overrule *Jett* by creating a cause of action against individual state actors under § 1981?

Six circuits, including the Fourth Circuit, have said no. In *Dennis v. Cnty. Of Fairfax*, 55 F.3d 151 (4th Cir. 1995), the Fourth Circuit held that the CRA did not circumvent *Jett* and did not permit plaintiffs to assert an alternative remedy against state actors through § 1981: "We do not believe that this aspect of *Jett* was affected by the Civil Rights Act of 1991, which added subsection(c) to § 1981." *Id.* at 156 n. 1 (referring to *Jett*'s ruling that a state actor's violation of § 1981 rights can only be remedied by § 1983); *see also Lewis v. Robeson County*, 63 F. App'x. 134, 138 (4th Cir. 2003) ("In a suit brought against a state actor, Section 1983 is the exclusive federal remedy for a violation of the rights guaranteed in § 1981."), *Farmer v. Ramsay*, 43 F. App'x 547, 553 (4th Cir. 2002) (against a state actor, "no cause of action based on § 1981 [exists] independent of § 1983.").[1]

Other circuits have engaged in more thorough examinations of the issue than the Fourth Circuit did in Dennis, but nonetheless have reached the same conclusion. For example, in *McCormick v. Miami University*, 693 F.3d 654 (6th Cir. 2012), the Sixth Circuit held that *Jett*

---

[1] Case law in the Fourth Circuit, to be sure, is somewhat murkier than that of other circuits. In *Francis v. Giacomelli*, 588 F.3d 186, 195 (4th Cir. 2009), for example, the court upheld the dismissal of a § 1981 claim against a state actor, but not because there was no cause of action; it was because the plaintiffs failed to state plausible facts entitling them to relief. *Compare Francis*, 588 F.3d at 195, *with Lewis*, 63 F. App'x at 138, *and Farmer*, 43 F. App'x at 553. In the absence of a ruling explicitly rejecting *Dennis*, therefore, *Dennis* still controls.

prevented § 1981 suits against state actors sued in their individual capacity. "Section 1983's express clause permitting [suits against state actors in their individual capacities] obviates the need to imply the same right under the general provisions of § 1981." *Id.* at 661. The Third Circuit has held to similar effect:

> . . . § 1981(c) can establish equal *rights* for parties against private and state defendants without establishing equal *remedies*; the fact that § 1981(c) establishes a private right of action against private defendants does not lead to the conclusion that a parallel right must exist for suits against state defendants if such actions are provided for elsewhere in the statutory scheme.

*McGovern v. City of Philadelphia*, 554 F.3d 114, 118 (3d Cir. 2009). The Fifth, Tenth, and Eleventh Circuits likewise agree that the 1991 CRA did not supersede *Jett*. Only the Ninth Circuit has explicitly held that § 1981(c) creates an implied private right of action against individual state actors. *Compare Bolden v. City of Topeka*, 441 F.3d 1129, 1137 (10th Cir. 2006) (". . . [E]ven after the 1991 amendments to § 1981, damages claims against state actors for § 1981 violations must be brought under § 1983."), *Oden v. Oktibbeha County*, 246 F.3d 458, 463-64 (5th Cir. 2001) ("Section 1983 remains the only provision to expressly create a remedy against persons acting under color of state law."), *and Butts v. Volusia County*, 222 F.3d 891, 894 (11th Cir. 2000) ("*Jett* still governs" damages claims against state actors), *with Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1214 (9th Cir. 1996) (§ 1981 provides a cause of action against state actors independent of § 1983).

This Court goes with the national flow, which the Fourth Circuit is part of, and holds that no cause of action exists against Volpe under § 1981. Consequently, if James wishes to state a

4

claim against Volpe for rights guaranteed to her under § 1981, she may only do so through a § 1983 claim.

IV

Defendants' Motion as to Volpe on Count II is **GRANTED**. A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

July 22, 2013